# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MIECZKOWSKI,** | : | No. 3:15cv2146 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **THE SALVATION ARMY,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Plaintiff Dawn Mieczkowski claims she suffered severe and permanent injuries when she fell while delivering a clothing donation to Defendant Salvation Army.  Defendant's premises presented a hazardous condition, plaintiff alleges, because defendant negligently permitted donations to accumulate in the donation drop-off area.  In the instant motion, defendant moves to dismiss plaintiff's claim for punitive damages.  Because plaintiff has sufficiently pled a claim for punitive damages, and because discovery may reveal further evidence to support plaintiff's claim, we will deny defendant's motion.

## **Background**

This case arises from an accidental fall on September 14, 2013, at the Salvation Army Thrift Store located at 739 Sans Souci Parkway, Wilkes-Barre, Pennsylvania.  (Doc 6-1, Compl. ¶ 3).  Plaintiff entered the

premises to drop off a clothing donation at approximately 4:30 p.m. (Id. ¶ 8). As she approached the drop-off location, "an uncontrolled and unkempt accumulation of donated household goods, bags, clothing, toys, and other matter" caused plaintiff to fall to the ground. (Id.) Plaintiff alleges that such hazardous conditions existed due to defendant's negligence, which caused her serious injuries. (Id. ¶ 11).

Plaintiff filed a complaint on August 20, 2015, in the Court of Common Pleas of Philadelphia County, seeking compensatory and punitive damages against the defendant. (Doc. 6-1, Compl.). On October 19, 2015, defendant removed the case to the Federal District Court for the Eastern District of Pennsylvania (Doc. 1, Notice of Removal) and filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 27, 2015 (Doc. 6). Subsequent to removal, the case was transferred to the Middle District of Pennsylvania on November 6, 2015. (Doc. 10). The parties have briefed the issues, bringing the case to its present posture.[1]

---

[1] The court notes that counsel for the defendant requested oral argument on the instant motion. (Doc. 14, Letter dated Nov. 23, 2015). We find such argument unnecessary, and will rely on the parties' briefs.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a citizen of the Commonwealth of Pennsylvania.  (Compl. ¶ 1).  Defendant Salvation Army is a non-profit corporation formed under the laws of New York with a principle place of business in West Nyack, New York, and is therefore a citizen of New York.  (Doc. 1, Notice of Removal ¶¶ 6-9).  Additionally, the amount in controversy exceeds $75,000.[2]  (Id. ¶ 11).  Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . .citizens of different States[.]").  As a federal court sitting in diversity, the substantive law of

---

[2] Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."  Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis and quotation marks omitted).  Here, plaintiff has made a claim for punitive damages under both counts of her complaint.  Thus, the amount in controversy is met because the court cannot find to a legal certainty that the value of plaintiff's claims are below the statutory threshold.

Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant Salvation Army brings its motion to dismiss plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In

evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendant Salvation Army moves to dismiss plaintiff's claim for punitive damages, asserting her allegations fail to support the imposition of punitive damages. We disagree.

Under Pennsylvania law, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others." Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097-98 (Pa. 1985). Reckless indifference refers to a conscious disregard of a risk known to the defendant or a risk "so obvious that he must . . . have been aware of it, and so great as to make it highly probable that harm would follow." Evans v. Phila. Transp. Co., 212

A.2d 440, 443 (Pa. 1965).  In evaluating the appropriateness of a punitive damages claim, the Court must consider not only the offense itself, but also the circumstances surrounding it, including the wrongdoers' motives and the relations between all the parties involved.  Schwartz v. Rockey, 932 A.2d 885, 890 (Pa. 2007); see also Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)).

     Here, the plaintiff alleges that Defendant Salvation Army recklessly created the conditions that caused plaintiff's injuries, conduct which "constitutes egregious, outrageous, willful and wanton conduct" and exhibited "intentional disregard for Plaintiff's life and well being."  (Compl. ¶ 40).  Plaintiff also asserts that discovery relating to defendant's liability, which has not yet taken place, may provide evidentiary support for a finding that defendant exhibited willful or wanton conduct.  While allegations in the plaintiff's complaint alone may not be sufficient to convince a jury of Defendant Salvation Army's recklessness, subsequent discovery might reveal evidence supporting these claims.  If, after the conclusion of discovery, the evidence provides no support for a finding of

reckless indifference, defendant may move for partial summary judgment on this issue.

**Conclusion**

For the above-stated reasons, the court will deny Defendant Salvation Army's motion to dismiss plaintiff's punitive damages claim. Discovery is required to determine the validity of plaintiff's allegation of recklessness and intentional disregard for her safety.  An appropriate order follows.


**Date: 4/22/2016**                              **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**