**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MIECZKOWSKI,** | : | **No. 3:15cv2146** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **THE SALVATION ARMY,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is Defendant Salvation Army's (hereinafter "the defendant") motion for partial summary judgment on Plaintiff Dawn Mieczkowski's (hereinafter "plaintiff") punitive damages claims.  (Doc. 29).  For the reasons that follow, the court will grant the defendant's motion.

## Background

This case arises from an accidental fall on September 14, 2013, at the Salvation Army Thrift Store located at 739 Sans Souci Parkway, Wilkes-Barre, Pennsylvania.  (Doc. 31, Def.'s Statement of Uncontested Material Facts (hereinafter "SOF") ¶ 1).[1]  Plaintiff avers that she entered the store to drop off a clothing donation and, as she approached the drop-off

---

[1]  We cite to the defendant's SOF (Doc. 31) for statements which plaintiff generally agrees with in her response (Doc. 32) or are generally established in the record.

location, "an uncontrolled and unkempt accumulation of donated household goods, bags, clothing, toys, and other matter" caused her to fall to the ground and endure serious injuries.  (SOF ¶ 3).

On August 20, 2015, plaintiff filed a complaint alleging counts of negligence and negligent supervision, both of which seek compensatory and punitive damages against the defendant.  (Doc. 1, Ex. A., Compl.).[2] On December 16, 2016, the defendant filed the instant motion for partial summary judgment on plaintiff's punitive damages claims.  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff is a citizen of Pennsylvania, the defendant is a citizen of New York, and the amount in controversy exceeds $75,000.[3]  (Doc. 1,

_____

[2]  Plaintiff originally filed her complaint in the Philadelphia County Court Common Pleas.  (Doc. 1, Ex. A., Compl.).  On October 19, 2015, the defendant removed the case to the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, Notice of Removal).  Subsequent to removal, the case was transferred to the United States District Court for the Middle District of Pennsylvania on November 6, 2015. (Doc. 10).

[3]  Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis, and quotation marks omitted).  Here, plaintiff has made a claim for punitive damages under both counts of her complaint.  Thus, the

Compl. ¶ 1, Notice of Removal ¶¶ 6-9, 11). Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

---

amount in controversy is met because the court cannot find to a legal certainty that the value of plaintiff's claims are below the statutory threshold.

supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. <u>Anderson</u>, 477 U.S. at 248. A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial. <u>Id.</u> at 324.

**Discussion**

Defendant moves for partial summary judgment on plaintiff's punitive damages claims, contending that no evidence of record establishes defendant's conduct as outrageous.  After a careful review, we agree.

Under Pennsylvania law, punitive damages "are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others."  Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097-98 (Pa. 1985).  Reckless indifference refers to a conscious disregard of a risk known to the defendant or a risk "so obvious that he must . . . have been aware of it, and so great as to make it highly probable that harm would follow."  Evans v. Phila. Transp. Co., 212 A.2d 440, 443 (Pa. 1965).  In evaluating the appropriateness of a punitive damages claim, the Court must consider not only the offense itself, but also the circumstances surrounding it, including the wrongdoers' motives and the relationships between all the parties involved.  Schwartz v. Rockey, 932 A.2d 885, 890 (Pa. 2007); see also Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984) (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)).

Here, no evidence of record indicates that the defendant acted outrageously, that is, with a bad motive or with reckless indifference to

plaintiff's interests.  The defendant used an outdoor bin and a truck as designated areas for members of the public to deposit donated goods. (Doc. 32, Ex. A, Photographs).  One of the defendant's employees testified that he was responsible for clearing the area around the truck, "time permitting."  (Doc. 32, Ex. B., Dep. of Raymond Konewicz, 9-10).  At the time of plaintiff's fall, signage directed the public to "Please Take Donations to Truck," where goods had accumulated both inside and outside of the truck, notably on the ground in the truck's immediate vicinity.  (Doc. 32, Ex. A, Photographs).  Plaintiff tripped and fell on one of these donated goods on the ground.  (SOF ¶ 3).

Even if the jury were to believe plaintiff's argument that the defendant recognized the potential risks of tripping over donated goods that were improperly maintained, the jury could not find the defendant's conduct outrageous.  None of plaintiff's evidence indicates that the defendant trained employees to improperly maintain recently donated items in a way that could cause individuals to trip and fall.  Similarly, plaintiff has failed to establish that the defendant had a bad motive or consciously disregarded a known risk pertaining to temporarily storing recently donated goods.

Ultimately, while plaintiff may be able to prove negligence on the facts of record, no evidence has been submitted to sufficiently establish punitive

damages.  As such, the defendant's motion for partial summary judgment on plaintiff's punitive damages claims will be granted.

**Conclusion**

Based upon the above reasoning, the court will grant the defendant's motion for partial summary judgment on plaintiff's punitive damages claims. No genuine issues of material fact exist regarding whether defendant acted outrageously, that is, with a bad motive or with reckless indifference to plaintiff's interests.  As a result, the defendant is entitled to judgment as a matter of law on plaintiff's punitive damages claims.  An appropriate order follows.

Date: <u>January 23, 2017</u>              <u>s/ James M. Munley</u>
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**