# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MIECZKOWSKI, | : | No. 3:15cv2146 |
|     Plaintiff | : | |
|   v. | : | (Judge Munley) |
| | : | |
| | : | |
| THE SALVATION ARMY, | : | |
|     Defendant | : | |

## **MEMORANDUM**

Trial is scheduled in the above-captioned matter for December 4, 2017. A pretrial conference was held in this case on March 10, 2017, at which time no motions in limine were presented to the court. On May 12, 2017, plaintiff filed her trial brief (Doc. 54) which contained arguments regarding excluding certain testimony from trial. The defendant responded on June 5, 2017. (Doc. 57). On November 15, 2017, plaintiff filed objections to deposition testimony related to her motions in limine. (Doc. 64). As such, we will treat the arguments that plaintiff raises in her trial brief as fully briefed motions in limine that are ripe for disposition, and will include in our ruling plaintiff's objections to deposition testimony.

**Background**

This case involves a slip and fall accident that occurred on September 14, 2013, at the Salvation Army Thrift Store in Wilkes-Barre, PA. (Doc. 1, Exh. A,

Compl. ¶ 8). Plaintiff Dawn Mieczkowski alleges that as she dropped off a donation at the defendant's donation drop off location, she tripped and fell over "an uncontrolled and unkempt accumulation of donated household goods, bags, clothing, toys, and other matter, present upon the walkway leading to the donation drop off area." (Id.) As a result of her fall, plaintiff sustained serious and permanent injuries including but not limited to a minimally displaced L1 compression fracture. (Id. ¶ 11). Based upon these facts, plaintiff filed a two count complaint asserting simple negligence and negligent supervision against the defendant.

**Discussion**

As noted above, pending before the court are plaintiff's motions in limine as well as her objections to the deposition testimony of Dr. Michael Banas, an independent medical examiner who conducted an examination of plaintiff following her injuries. Plaintiff's motions in limine raise arguments concerning the proper duty of care that defendant owed to plaintiff while she was on The Salvation Army's premises, the affirmative defenses that plaintiff expects the defendant to raise, and a specific line of anticipated testimony involving the cause of her fall, which plaintiff asserts is hearsay. Plaintiff's objections to the deposition testimony of Dr. Banas essentially repeats the hearsay argument that she makes in her motions. We will address these matters *seriatim*.

## I. Standard of Care

Plaintiff's position is that on September 14, 2013, she entered defendant's property as a business invitee, one who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the owner of the land. (Doc. 54, Pl.'s Trial Br., at 3). Because of this status, plaintiff argues that the defendant had an affirmative duty to protect her not only against known dangers, but also against those dangers which could be discovered with reasonable care. While the defendant does not object to this classification, we decline to issue a ruling at this time. The parties have both filed proposed points for charge which include the proper standard of care. Upon the conclusion of testimony at trial we will meet with counsel and determine the proper instruction.

## II. Anticipated Defenses

Plaintiff anticipates that the defendant will assert the defense that the clutter at the donation drop box was an open and obvious danger, and therefore, plaintiff assumed the risk. Plaintiff seeks a ruling that assumption of the risk will not be allowed to be presented to the jury as a defense. She asks us to consider ruling on these issues at this time because "reasonable minds can not differ in the conclusion that the danger to Plaintiff was not open and obvious and the gravity of the harm could not have been anticipated by Plaintiff, or any reasonable person in Plaintiff's position." (Id. at 5).

The question of whether a danger is known or obvious is generally a question of fact for the jury. Howell v. Clyde, 620 A.2d 1107, 1108 n.1 (Pa. 1993). This case was filed in October of 2015, and has gone through discovery for the last two years. We expect that the parties will be moving forward with the scheduled trial in two weeks. Whether the conditions at the drop off location amounted to an open and obvious danger is clearly not agreed upon, as it goes to the heart of this controversy. Thus, it is the role of the jury to listen to the facts, of which significant dispute exists, and come to a conclusion as to whether plaintiff should have been aware of the danger that existed.

### III. Statements Regarding the Cause of Plaintiff's Fall Found in Plaintiff's Medical Records

Plaintiff avers that her injury occurred when she tripped over an accumulation of donated goods. Plaintiff anticipates that the defense will introduce evidence to show that she was at fault for her own injuries via statements and testimony that she actually fell while standing on a table at the drop off location, and that she fell approximately two feet onto her buttocks. She argues that this evidence should be excluded because not only is it hearsay, but the defense will not be able to lay proper foundation for it to be admitted.

### A. General Admissibility of Statements in Plaintiff's Medical Records

The defendant seeks to admit plaintiff's medical records into evidence, which were created following her accident. These medical records include statements made to someone at the hospital regarding the cause of plaintiff's fall. Plaintiff calls our attention to two specific statements: (1) a statement in the record that plaintiff "was standing on a table placing items into a Salvation Army Truck when the table moved causing her to fall[;]" and (2) a statement that plaintiff "was packing up a truck when she fell backwards two feet onto her buttocks." (Doc. 54 at 8). The parties agree that the medical records themselves are admissible under Federal Rule of Evidence 803(6)(b), the "business records" exception to hearsay.

Plaintiff contends that the statements contained within the records, however, are inadmissible as they constitute hearsay within hearsay, a violation of Federal Rule of Evidence 805. Defendant's argument is two-fold: (1) the statements are not hearsay as they are expressly defined as not hearsay within Federal Rule of Evidence 801(d)(2)(A) (defining a statement offered against an opposing party that was made by the party in an individual or representative capacity as a statement that is not hearsay); and (2) even if the statements are deemed hearsay, they qualify as an exception to hearsay under Rule 803(4) because they were statements made for the purpose of medical diagnosis or treatment.

5

While we agree with the defendant that if plaintiff herself made the above-referenced statements to medical personnel they would qualify as opposing party statements, we decline to analyze them as such. Based on the evidence that has been provided to the court, we are without knowledge as to the declarant. Without this knowledge, we are unable to determine whether the declarant would qualify as an opposing party. Provided that the defendant is able to establish proper foundation at trial,[1] however, we find that the statements do qualify as exceptions to hearsay under Rule 803(4).

"Statements for purposes of medical diagnosis or treatment" are not excluded by the hearsay rule when those statements are "made for – and [are] reasonably pertinent to – medical diagnosis or treatment; and describ[e] medical history; past or present symptoms or sensations; their inception; or their general cause." FED. R. EVID. 803(4). The rule does not require that the declarant be a party to the action. Such statements are regarded as inherently reliable because of the recognition that one seeking medical treatment is keenly aware of the necessity for being truthful in order to secure proper care. FED. R. EVID. 803(4) advisory committee note.

---

[1] Plaintiff asserts that the defendant will be unable to establish proper foundation as the doctor who authored the records was not deposed. A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter. FED. R. EVID. 602. We remind the parties that the burden is on the proffering party to establish a foundation at trial for intended evidence.

6

We agree with the defendant that the statements in plaintiff's medical records that "[plaintiff] was standing on a table placing items into a Salvation Army Truck when the table moved causing her to fall[;]" and "[plaintiff] was packing up a truck when she fell backwards two feet onto her buttocks" describe the general cause of the symptoms for which she was being treated by a physician. It can be assumed that someone—perhaps plaintiff or her daughter—relayed this information to medical personnel so that plaintiff's injuries could be adequately assessed. As such, we will allow this evidence to be admitted.

### B. Deposition Testimony of Dr. Banas

Based on the same reasoning above, plaintiff asks us to strike deposition testimony in which Dr. Banas references the same above-mentioned statements concerning the cause of plaintiff's fall. We decline to do so.

As we discussed, the defendant will be allowed to introduce these statements so long as they are able to lay the proper foundation. Here, however, the defendant may rely on Federal Rule of Evidence 703 for their admissibility. An expert may base an opinion on facts or data in the case that the expert "has been made aware of or personally observed." FED. R. EVID. 703. So long as other experts in Dr. Banas' field would reasonably rely on this kind of information in forming an opinion on the subject, the facts or data need not necessarily be admissible for the opinion to be admitted. Id. Plaintiff admits that the role of an

independent medical examiner is to "perfor[m] a review of records, physical evaluation, and produc[e] a report in connection with their findings based upon their expertise and knowledge," which is what Dr. Banas did in this case. (Doc. 64 at 5). Dr. Banas will be permitted to base his opinion on statements made in the plaintiff's medical records.

Plaintiff also takes issue with deposition testimony of Dr. Banas in which, after reviewing plaintiff's medical records, he states that "[i]t's important to know the mechanism of the injury documented by the medical team after the event in question with regards to the mechanism of and also any correlation with the history the patient provides to me." (Id. at 4) (citing Exhibit "A" page 21 lines 8-24). Plaintiff appears to disagree with Dr. Banas' opinion, arguing that: (1) the "mechanism of the injury" in question would be a fall, and more information as to how the fall occurred is not important and (2) "correlation of the history of plaintiff's injuries" is not part of Dr. Banas' duties in performing an independent medical evaluation. (Id. at 5).

We find that Dr. Banas' testimony of what is important when conducting an evaluation of a patient is admissible. As an expert witness, Dr. Banas is able to testify in the form of an opinion if the expert's knowledge will help the jury to understand the evidence or to determine a fact in issue. FED. R. EVID. 702(A). This is not to say that plaintiff must or is expected to agree with the expert's

8

opinion; her arguments are simply more appropriate for cross-examination, where plaintiff is, of course, permitted to challenge Dr. Banas' methods. Ultimately, we find that Dr. Banas' testimony may help the jury to understand whether the hospital team would have reasonably asked plaintiff the cause of her fall when she was admitted to the hospital, and if so, why that information is important. Accordingly, we will deny plaintiff's request to strike this testimony from Dr. Banas' deposition.

**Conclusion**

For the foregoing reasons, we decline to adopt a standard of care owed to the plaintiff at this time. The defendant will be permitted to assert the affirmative defenses of open and obvious danger and assumption of the risk. Plaintiff's motions in limine regarding the statements relating to the general cause of her fall will be denied. We will also deny plaintiff's objections to the deposition testimony of Dr. Banas. An appropriate order follows.

**Date: November 21, 2017**     **BY THE COURT:**

**s/ James M. Munley_____
JUDGE JAMES M. MUNLEY
United States District Court**